IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                              Case No. 4:22-cr-00319-LPR

BRUCE McARTHUR SMITH, KEVIN
LANGEL, AND LARRY ROGERS                                      DEFENDANTS

## CONSOLIDATED ORDER

This Order addresses the flurry of motions that have been filed since January 21, 2026.[1]
Putting aside how the parties have characterized their filings, the crux of those filings are as
follows.  Defendant Kevin Langel desires to (1) suppress all evidence found in his cellular
telephone, and (2) sever the charges against him and Larry Rogers from the charge against
Bruce Smith.[2]  As to suppression, the Government believes that Mr. Langel's Motion should be
denied as untimely or as meritless.[3]  As to severance, the Government has not yet had an
opportunity to respond.

Some background is in order here.  Trial in this matter is set to begin this coming Monday,
February 2, 2026.[4]  But this is not the first time we have attempted to start a trial in this case.
About four months ago, on October 6, 2025, the parties convened for a pre-trial conference.[5]  The
next day, the parties and Court began the process of selecting a jury.[6]  That process was never
completed, as the Court concluded that several potential jurors had infected the jury pool with

---

[1] *See* Docs. 471–483.

[2] *See* Mot. for Extension (Doc. 480) at 1; Br. in Supp. of Mot. for Extension (Doc. 481) at 1–3.

[3] *See* Mot. to Strike (Doc. 476) at 1–2.

[4] *See* Eighth Am. General Scheduling Order (Doc. 439) at 1.

[5] *See* Doc. 435.

[6] *See* Doc. 436.

bias.[7] The parties jointly moved to continue the trial.[8]  The Court granted the motion and set the new trial for February 2, 2026.[9]  At that time, the Court granted a new Scheduling Order, which remains operative to this day.[10]  In the new (and currently operative) Scheduling Order, the Court ordered that any pre-trial motions be submitted 21 days before trial.[11]  Twenty-one days before February 2, 2026 is January 12, 2026.  Thus, the operative deadline for pre-trial motions was January 12, 2026.

The pre-trial motion deadline came and went without the parties filing any pre-trial motions.  Then, on January 21, 2026—9 days after the deadline and 12 days before trial— Defendant Kevin Langel filed the pending Motion to Suppress.[12]  To be frank about it, this Motion took the Court by surprise.  Mr. Langel had not moved to suppress any evidence prior to the aborted October 2025 trial.  Also, Mr. Langel gave no reason why his suppression motion was 9 days late. The Court ordered a response from the Government.[13]  Instead of responding, the Government filed a Motion to Strike Mr. Langel's Motion to Suppress.[14]  Putting aside the name of the Government's filing, however, the document attacked both the timeliness and the merits of Mr. Langel's Motion.[15]

---

[7] *See generally* Oct. 7, 2025 Voir Dire Tr. (rough).

[8] *See* Joint Mot. to Continue (Doc. 437).

[9] *See* Oct. 9, 2025 Order (Doc. 438).

[10] *See* Eighth Am. General Scheduling Order (Doc. 439).

[11] *See id.* at 1–2.

[12] *See* Mot. to Suppress (Doc. 471).

[13] *See* Jan. 23, 2026 Order (Doc. 475).

[14] *See* Mot. to Strike (Doc. 476).

[15] *See id.* at 1–4.  The Court treats the Motion to Strike (which includes merits-related arguments) as a Response to the Motion to Suppress.  Because the Court denies the Motion to Suppress as untimely—for reasons explained below—the Motion to Strike is moot to the extent it actually is a Motion to Strike.

The Government's filing emphasized that: (1) Mr. Langel's cell phone was seized in July of 2023; (2) the phone records and other evidence that Mr. Langel wants to suppress—as well as the warrant under which this evidence was obtained—were provided to him in discovery in November of 2023; (3) Mr. Langel was on notice prior to the aborted October 2025 trial that the Government intended to use this evidence against Mr. Langel; (4) Mr. Langel never moved for an extension of the January 12, 2021 deadline for pre-trial motions; and (5) Mr. Langel's untimely Motion to Suppress did not offer any good cause to look past its untimeliness and consider its substance.[16]

The Court ordered Mr. Langel to respond to the Motion to Strike.[17]  Mr. Langel filed a Response,[18] as well as a document titled Motion for Extension of Time, Motion for Leave of Court or Motion or New Trial Calendar.[19]  Mr. Langel's filings contend that there is good cause for the Court to consider the merits of the Motion to Suppress despite its untimeliness.  Mr. Langel notes that: (1) on January 6, 2026, the Government filed a Superseding Indictment against Mr. Langel; (2) the Superseding Indictment altered the potential penalties Mr. Langel faces from 5–40 years to 10 years–Life; (3) the Superseding Indictment changed the timeframe of Mr. Langel's alleged crime from January 2022–November 2022 to April 2022–January 2023; and (4) Mr. Langel was not arraigned on the Superseding Indictment until January 22, 2026.[20]

Mr. Langel primarily argues that the Superseding Indictment and its timing (as well as the timing of his arraignment on the Superseding Indictment) constitute good cause to overlook the

---

[16] *See id.* at 2.

[17] *See* Jan. 27, 2026 Order (Doc. 477).

[18] *See* Resp. (Doc. 482).

[19] *See* Mot. for Extension (Doc. 480) at 1

[20] *See* Br. in Supp. of Mot. for Extension (Doc. 481) at 1–5; *see also* Resp. Br. (Doc. 483-1) at 1–3.

lateness of the Motion to Suppress.[21]   Mr. Langel appears to concede that the Superseding Indictment did not charge Mr. Langel with a new crime.[22]   But, according to Mr. Langel, the changes in the Superseding Indictment (especially the one highlighted in footnote 22 below) raised the stakes of this case for Mr. Langel in terms of a potential prison sentence.[23]   In turn, the raised stakes affected his defense strategy—including making a motion to suppress more appealing.[24]

The Court concludes that the Motion to Suppress is untimely and there is no good cause to ignore the untimeliness and reach the Motion's merits.  Here's why.

First, Mr. Langel did not submit a declaration or affidavit from himself, his attorney, or anyone else to establish—as a factual matter—why the Motion to Suppress was late.  Contentions in a motion or brief are not facts.  Without factual support showing that the reason(s) for the lateness of the Motion to Suppress are, in fact, the reasons suggested in Mr. Langel's various motions and briefs, there's no basis whatsoever to find good cause.

Second, even if the facts showed that the Superseding Indictment actually altered Mr. Langel's defense strategy, the Superseding Indictment was filed 6 days before the Court's January 12, 2026 pre-trial motion deadline.  In those 6 days, Mr. Langel could have filed a suppression motion or, at the very least, a motion to extend the pre-trial deadlines.  Moreover, it's not like Mr. Langel filed his Motion to Suppress (or a motion to extend) a day or two after the pre-trial deadline ran.  Mr. Langel's Motion to Suppress did not come until January 21, 2026—9 days

---

[21] *See* Br. in Supp. of Mot. for Extension (Doc. 480) at 1.

[22] Both the underlying Indictment and the Superseding Indictment charge Mr. Langel with conspiracy to distribute or possess with intent to distribute a mixture or substance containing a detectable amount of cocaine.  *Compare* Indictment (Doc. 3) at 3, *and* Superseding Indictment (Doc. 462) at 1–2.  The big change between the two charging documents is the amount of drugs attributed to Mr. Langel.  The underlying Indictment alleged 500 grams or more, but less than 5 kilograms.  *See* Indictment (Doc. 3) at 3.  The Superseding Indictment alleges 5 kilograms or more. *See* Superseding Indictment (Doc. 462) at 2.

[23] *See* Br. in Supp. of Mot. for Extension (Doc. 481) at 4–5.

[24] *See id.* at 2, 4–5.

after the motion deadline, 15 days after the filing of the Superseding Indictment, and just 12 days before trial. There was no legitimate reason (i.e. cause) for this delay.[25]

Third, the principal case cited by Mr. Langel is, at best for him, inapposite. Mr. Langel contends that, in *United States v. Mohammed*, the Sixth Circuit "found it was an abuse of discretion to deny the filing of belated motions when they were triggered by a superseding indictment."[26] But that's not entirely accurate. What the Sixth Circuit actually said was "we find 'good cause' to include a situation where the failure to raise a pretrial motion to suppress is based on its legal irrelevance to the pending charges."[27] Our case is different. It has been clear since at least October of 2025 that the Government was going to use the phone records and other evidence from the cell phone against Mr. Langel—making the instant motion to suppress legally relevant even before the Superseding Indictment.[28] More importantly, the Superseding Indictment in the *Mohammed* case

---

[25] This is not the first time Mr. Langel has filed an untimely pre-trial motion. In the run-up to the aborted October 2025 trial, the Court denied a pre-trial motion as untimely. *See* Sealed Order (Doc. 398). Although that Order is under seal, the Court can say that the Motion was denied because it came about 13 days late and 7 days before trial. *See id.* The Court can also say that the importance of timeliness—and the consequences of untimeliness—was made clear to Mr. Langel in that Order. *See id.*

[26] *See* Br. in Supp. of Mot. for Extension (Doc. 481) at 3 (citing *United States v. Mohammed*, 501 F. App'x 431, 437–38 (6th Cir. 2010)).

[27] *See Mohammed*, 501 F. App'x at 438. In *Mohammed*, the Superseding Indictment had added a completely new charge (a gun charge) to the original charge (a drug charge). *See id.* at 434. And that Court explained:

> Mohammed's counsel understandably focused [his first and timely Motion to Suppress] on challenging the search of the apartment, which formed the basis of Mohammed's then-sole charge of possessing heroin with an intent to distribute. It was not until the grand jury returned a superseding indictment adding a firearm charge that the search of his car, which produce the firearm and no heroin, became relevant.

*Id.* at 438.

[28] It is true that the phone records and other cell phone evidence may be more critical to Mr. Langel's defense now, even though they were always legally relevant to the pending charge against Mr. Langel. In the aborted October 2025 trial, information related to the phone records and other cell phone evidence was going to be used as 404(b) evidence— to indirectly strengthen the Government's case. *See* Oct. 7, 2025 Pre-trial Conf. Tr. (rough) at 09:25:04–09:27:10. The timeframe changes in the Superseding Indictment, however, suggest that the information is now going to more directly form the basis of the Government's case. *Compare* Indictment (Doc. 3) at 3, *and* Superseding Indictment (Doc. 462) at 1–2. The Court understands that the phone records and other cell phone evidence are related to a time period that was not charged in the underlying Indictment but was charged in the Superseding Indictment. *Compare* Indictment (Doc. 3) at 3, *and* Superseding Indictment (Doc. 462) at 1–2.

came after the relevant pre-trial motion deadline.[29]  In our case, the Superseding Indictment came before the pre-trial motion deadline.  Unlike in *Mohammed*, Mr. Langel could have met the deadline or asked for an extension before it ran out.[30]

Fourth, Mr. Langel is wrong to the extent he suggests that good cause to consider the untimely Motion to Suppress exists because he was not arraigned on the Superseding Indictment until January 22, 2026.  It is true that Federal Rule of Criminal Procedure 12(c)(1) provides that "[t]he court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing."[31]  And it is also true that this same provision states that, "[i]f the court does not set [a deadline], the deadline is the start of trial."[32]  Mr. Langel essentially reads this Rule to mean that the filing of a superseding indictment automatically vitiates any pre-trial motion deadlines set by the Court under an initial indictment.  That reading is incorrect.

After Mr. Langel was initially arraigned in July of 2023, the Court used its power under Rule 12(c)(1) to set a pre-trial motion deadline.[33]  And, over the life of this case, the Court has occasionally used its Rule 12(c)(2) power to extend or reset that deadline.[34]  Thus, the Rule 12(c) default—for situations where a Court does not set a pre-trial motion deadline—is inapplicable.

---

[29] *See Mohammed*, 501 F. App'x at 434–37.

[30] Mr. Langel also cites *United States v. Blanks*, 985 F.3d 1070, 1073 (8th Cir. 2021).  That case is not about the intersection of blown deadlines and a superseding indictment.  It offers nothing useful absent a citation to *Mohammed* in what is likely dicta.  *See id.* at 1073 n.3.  And the citation to *Mohammed* doesn't tell us anything about anything.  As for Mr. Langel's citation to *United States v. Burkhow* for its discussion of a Local Rule from the District of Iowa, that case doesn't have any bearing on cases in the Eastern District of Arkansas.  Moreover, if the case has any relevance at all, the relevance is found in the case's indirect suggestion of the existence of a default rule that a superseding indictment does not change deadlines in a court's scheduling order.  *See United States v. Burkhow*, No. 19-CR-59-CJW-MAR, 2020 WL 109796, at *4–5 (N.D. Iowa Jan. 8, 2020).

[31] FED. R. CRIM. P. 12(c)(1).

[32] *Id.*

[33] *See* Pretrial Discovery Order (Doc. 216) at 3.

[34] *See, e.g.*, Docs. 222, 229, 260, 293, 329, 439.

Rule 12(c) does not say that Court-set deadlines are automatically voided after the filing of a superseding indictment or that, in such circumstances, the Court needs to affirmatively re-issue deadlines it previously set. The long and the short of it is that the words of Rule 12(c) just can't bear the weight that Mr. Langel is trying to put on them. The Rule does not require that a court desiring to enforce reasonable pre-trial deadlines explicitly re-confirm those deadlines every time an indictment is superseded.[35]

Finally, the only other basis Mr. Langel provides for a delay in filing his Motion to Suppress is that his attorney mistakenly thought Mr. Langel had been held in jail (after his arrest in July of 2023) for a longer time than was true.[36] According to Mr. Langel, the delta between how long he was actually held (2 days) and how long his attorney thought he was held (2 weeks) is important to whether or not he has a winning (or potentially winnable) argument to suppress the phone records and other cell phone evidence.[37] Mr. Langel implies that his attorney's mistaken view resulted in advice not to file a motion to suppress earlier in this case. The Court need not and does not determine whether Mr. Langel's theory concerning the relevance of his time in jail to the winnability of a motion to suppress is correct. Even if it is—and even if the Court had facts supporting this theory from a declaration or affidavit (which the Court does not)—a mistake like this is the type of ordinary inattention that does not constitute good cause. This is especially true given how long Mr. Langel and his attorney had to realize the error before now.[38] The fact that

---

[35] The date of the arraignment on the Superseding Indictment is especially irrelevant under the facts of this case. Mr. Langel has the same lawyer he has had since the beginning of this case. *See* Doc. 210. Mr. Langel filed the Motion to Suppress a day before his arraignment on the Superseding Indictment. *Compare* Doc. 471, *and* Doc. 473. And Mr. Langel is in the free world (i.e. not detained) such that he and his attorney can quickly and easily communicate. *See* Doc. 212.

[36] *See* Br. in Supp. of Mot. for Extension (Doc. 481) at 2.

[37] *See id.* at 2–3; Resp. Br. (Doc. 383-1) at 3.

[38] The record makes clear that Mr. Langel was arrested on July 18, 2023, and released on July 20 (or 21), 2023. *See* Docs. 212, 215.

Mr. Langel might be able to pursue an ineffective assistance of counsel claim at a later date does not automatically create good cause to consider the merits of a late motion now.

The Court now turns to Mr. Langel's request for leave to file a motion to sever the charges against him and Larry Rogers from the charge against Bruce Smith.[39]   The Court denies Mr. Langel's Motion to Sever for several reasons.  First, like Mr. Langel's Motion to Suppress, the Motion to Sever is untimely.  The Court's deadline for pre-trial motions was January 12, 2026.[40]   Mr. Langel did not file his severance motion until January 30, 2026.[41]  That's 18 days late and only 3 days before trial.  Second, Mr. Langel has not provided good cause for the untimeliness.  His sole argument in this regard is that the "motion should be granted because the government filed a superseding indictment" close to the pre-trial motion deadline and his arraignment on this Superseding Indictment occurred a day after the pre-trial motion deadline.[42]  The Court rejects this argument for the same reasons it rejected Mr. Langel's identical argument in relation to his Motion to Suppress.[43]   Third, the Court sees no reason for Mr. Langel to desire severance that would not have already existed before the Superseding Indictment.  Indeed, there doesn't appear to be any meaningful difference between the underlying Indictment and the Superseding Indictment vis-à-vis the Motion to Sever.[44]    Both charging documents charged Bruce Smith with a

---

[39] *See* Mot. for Extension (Doc. 480) at 1.  It makes no difference whether the Court treats the Motion as a request to extend time or as a request to excuse the lateness of the Motion to Sever that is attached to the filing.  The applicable standard is the same: good cause.

[40] *See* Eighth Am. General Scheduling Order (Doc. 439) at 1–2.

[41] *See* Mot. for Extension (Doc. 480).

[42] *See* Br. in Supp. of Mot. for Extension (Doc. 481) at 3.  The Superseding Indictment was filed 6 calendar days before the pre-trial motion deadline.  Mr. Langel's focus on the number of business days between the Superseding Indictment and the pre-trial motion deadline is misplaced.  The law is a service industry.  Lawyers, judges, and litigants (even defendants in a criminal case) don't get to ignore pressing matters on non-business days.  Consider, for example, that the Court is issuing this Order (responding to late motions) on a Saturday.

[43] *See supra* at pp. 3–5.

[44] *Compare* Indictment (Doc. 3) at 3, *and* Superseding Indictment (Doc. 462) at 1–2.  The Court also notes that Mr. Langel and his attorney "spoke a great deal about a motion to sever" in the lead up to the aborted October 2025

methamphetamine distribution conspiracy while charging Kevin Langel and Larry Rogers with a separate cocaine distribution conspiracy.  Because Mr. Langel has not shown good cause for the untimeliness of his Motion to Sever, the Court will deny the Motion.[45]

\*       \*       \*

In light of the above analysis, Mr. Langel's Motions (Docs. 471 and 480) are DENIED, and the Government's Motion (Doc. 476) is found to be MOOT.

IT IS SO ORDERED this 31st day of January 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

trial, but Mr. Langel ultimately decided against filing such a motion.  *See* Oct. 6, 2025 Pre-trial Conf. Tr. (rough) at 18:29:04–18:30:27.

[45] It is hard to see the extremely belated Motion to Sever as anything other than an attempt to delay the trial or to cause chaos in the run-up to trial.  Such tactics might be appropriate in "a high-stakes game of poker[,]" *see* Br. in Supp. of Mot. for Extension (Doc. 481) at 5, but they are not appropriate when litigating in federal court.